```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GEORGE W. STOKES, | No. 19-cv-13713 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| OFFICER V. LOGA, et al., | |
| Defendants. | |

APPEARANCE:

George W. Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George W. Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a complaint pursuant to 42 U.S.C. § 1983, against Officers V. Loga and C. Dodson of the Atlantic City Police Department as well as the Atlantic City Police Department Internal Affairs Office and the Atlantic City Police Department. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will permit the Complaint to proceed in part.

I.   BACKGROUND

Plaintiff states he was driving on Michigan and Baltic Avenues in Atlantic City on November 9, 2017.  ECF No. 1 at 5.  Officers Dodson and Loga pulled over Plaintiff's vehicle.  Id.  According to the complaint, Officer Dodson had been watching an individual, Maurice Jackson, who Officer Dodson knew to be a marijuana dealer.  Id. at 6.  Plaintiff picked up Jackson in his car and drove to a liquor store where Plaintiff purchased a beer and small containers of Fireball, a cinnamon-flavored whisky.  Id.  Plaintiff dropped Jackson off at Popeye's restaurant and drove away.  Id.  He realized Jackson had left his phone in Plaintiff's car when it started ringing in the backseat.  Id.  He then turned around and returned Jackson's cellphone to him.  Id.

Plaintiff then opened his can of beer and began driving towards the highway.  Id.  He noticed an unmarked car had been following him since he dropped Jackson off at Popeye's.  Id.  Plaintiff signaled that he was turning onto the expressway, at which time the car behind him turned on its lights and pulled Plaintiff over.  Id.

According to Plaintiff, Officer Dodson approached the car and immediately stated that he smelled marijuana.  Id.

2

Plaintiff states "[s]ince he witnessed Maurice Jackson being picked up by me, he assumed that I purchased marijuana which he used for the bases of this illegal stop, arrest and search." Id. at 7.

The officers began searching Plaintiff's car. Id. During this time, they discussed how Jackson had also been arrested. Id. The officers also searched Plaintiff's trunk because, as Officer Dodson later testified,[1] "the marijuana smell got stronger as he searched . . . ." Id. No marijuana was found in Plaintiff's car. Id.

Plaintiff filed a complaint with the Atlantic City Police Department's Internal Affairs section on October 22, 2018. Id. at 8. He filed another one on January 3, 2019, but no one from the section has ever contacted him. Id.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §

---

[1] Plaintiff does not indicate what type of proceeding Officer Dodson testified in nor its result.

3

1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges Officer Dodson illegally stopped and searched his car and arrested him without probable cause. ECF No. 1 at 5. He asserts Officer Loga failed to stop Officer Dodson's illegal conduct. Id. He argues the Internal Affairs section and the police department as a whole failed to supervise the officers. Id. at 8.

4

A.   Claims Against Officer Dodson

The claims against Officer Dodson are sparse and in some fashion conclusory.  Plaintiff alleges Officer Dodson illegally stopped and searched his vehicle.  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "Terry allows law enforcement officers to conduct a brief stop of an individual if there is reasonable suspicion to believe the individual may be engaged in criminal activity.  The Terry doctrine applies equally to vehicle stops."  United States v. Gonzalez, 630 F. App'x 157, 160 (3d Cir. 2015) (citing Terry v. Ohio, 392 U.S. 1, 3 (1968)).  "The automobile exception to the [Fourth Amendment's] warrant requirement permits law enforcement to seize and search an automobile without a warrant if 'probable cause exists to believe it contains contraband.'"  United States v. Burton, 288 F.3d 91, 100 (3d Cir. 2002) (quoting Pennsylvania v. Labron, 518 U.S. 938, 940 (1996)).  A full analysis of the sufficiency of Plaintiff's claims requires a separate analysis of the alleged facts for the vehicle stop, the resulting search, and Plaintiff's arrest.

The Court starts with the vehicle stop.  First, to the extent Plaintiff is alleging that Dodson needed probable cause to believe his car contained contraband or that Plaintiff had

5

committed a crime before stopping his vehicle, Plaintiff is incorrect.  As set forth above, all that is required is that Dodson have reasonable suspicion of such things before he makes a temporary investigative stop of Plaintiff's vehicle.  That having been said and while the Court views it as a close call, after construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences as the Court must, Plaintiff has pled a plausible claim that Dodson lacked reasonable suspicion to stop his vehicle.

Plaintiff alleges, in essence, that Officer Dodson stopped his vehicle merely because Plaintiff was seen in the recent company of Jackson, a known drug dealer and therefore must have purchased marijuana from Jackson.  Even if Jackson subjectively had such suspicions, as Plaintiff apparently concedes, the test for a Terry stop is an objective, not subjective, one.  Dodson's decision to stop Plaintiff's vehicle must be based on a objectively reasonable suspicion that Plaintiff purchased drugs from Jackson.  Taking the alleged facts as true – that Dodson conducted the motor vehicle stopped based solely on the fact that Jackson, a known drug dealer, had been in Plaintiff's recent company, the Court is not prepared at this juncture to conclude that Plaintiff's claim of an unreasonable stop is implausible.  See United States v. Arvizu, 534 U.S. 266, 274, (2002) ("[A]n officer's reliance on a mere 'hunch' is

insufficient to justify a stop . . . ."). The Court will therefore allow this claim to proceed.

As noted above, the Court must separately evaluate the search of Plaintiff's car after the stop was made whether or not that stop was lawful. The Court construes the Complaint as alleging that Dodson justified the search by falsely claiming he smelled marijuana and that there was no other basis to search the car. These claims may proceed. See Davis v. Schott, No. 17-CV-1355, 2017 WL 4792245, at *3 (E.D. Wis. Oct. 23, 2017) (proceeding claims based on fabrication of probable cause for search of car).

Plaintiff also alleges he was falsely arrested, but does not indicate why he was arrested. A claim for false arrest cannot survive if probable cause exists "as to any offense that could be charged under the circumstances." Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994); see also Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005) ("[I]t is irrelevant to the probable cause analysis what crime a suspect is eventually charged with . . . .").

The Court will dismiss this claim without prejudice and grant leave to replead. Plaintiff admits that he had an open container of alcohol in the car. Without knowing what Plaintiff was arrested for it is impossible to determine whether, on the

7

alleged facts, probable cause did or did not exist for the arrest.

B.   Officer Loga - Failure to Intervene

Plaintiff alleges Officer Loga failed to intervene and stop Officer Dodson's illegal conduct.  "To be directly liable under a failure to intervene theory, (1) the plaintiff must have 'demonstrate[d] that her underlying constitutional rights were violated[,]'; (2) the officer had a duty to intervene; and (3) the officer must have had a 'realistic and reasonable opportunity to intervene.'"  Klein v. Madison, 374 F. Supp. 3d 389, 419 (E.D. Pa. 2019) (quoting Adams v. Officer Eric Selhorst, 449 F. App'x 198, 204 (3d Cir. 2011); Smith v. Mensinger, 293 F.3d 641, 650–51 (3d Cir. 2002)) (alterations in original).

The Court has determined that Plaintiff has stated a claim for violations of his constitutional rights by Officer Dodson as it relates to the vehicle stop and the search itself.  Loga was present for both and therefore it is plausible that he had both a duty and a reasonable opportunity to intervene.  Therefore, the Court will permit the failure to intervene claim against Officer Loga to proceed as well.  See Smith, 293 F.3d at 651.

C.   Failure to Supervise

Finally, Plaintiff alleges the Atlantic City Police Department and Internal Affairs department failed to supervise their officers.

"[A] city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part." Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (citing Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978)).  The Court therefore considers whether Plaintiff has stated a claim against Atlantic City.  "A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, 436 U.S. at 692).  "[A] municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell, 436 U.S. at 691).  "'[A] plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of policy or [an] acquiescence in a well-settled custom.'" Estate of Massey v. City of Philadelphia, 118 F. Supp. 3d 679, 696 (E.D. Pa. 2015) (quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (second alteration in original)).

Plaintiff alleges the Internal Affairs Department and Police Department as a whole "neglected to oversee that such officers do not get away with unethical conduct in the field." ECF No. 1 at 8.  "Failure to supervise" claims require facts supporting an inference that the municipal policymakers "knew that their officers would require supervision, that there was a history of officer supervision being mishandled, and that, in the absence of such supervision, constitutional violations were likely to result."  Forrest v. Parry, 930 F.3d 93, 108 (3d Cir. 2019).  Plaintiff has not provided any such facts.  The Court will dismiss this claim without prejudice, but Plaintiff may move to amend this claim if he can provide the requisite facts.  See Fed. R. Civ. P. 15.

IV. CONCLUSION

For the reasons stated above, the claims against Officer Dodson and Officer Loga for unreasonable seizure and search and failing to intervene will be allowed to proceed.  Plaintiff will be granted leave to replead his false arrest claim.  The claims against the Atlantic City Police Department and Internal Affairs department are dismissed without prejudice for failure to state a claim.

An appropriate order follows.

Dated: _April 30, 2020            ___s/ Noel L. Hillman___
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.